**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAVINDER SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-72059

Agency No. A215-814-672

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Ravinder Singh, a native and citizen of India, petitions pro se for review of a

Board of Immigration Appeals ("BIA") order dismissing his appeal from an

Immigration Judge's ("IJ") decision denying his motion to reopen removal

proceedings. The IJ ordered Petitioner removed *in absentia* after he failed to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appear at a master calendar hearing on November 27, 2018. Petitioner seeks to reopen his removal proceedings on the basis that his failure to appear was due to "exceptional circumstances" under 8 U.S.C. § 1229a(b)(5)(C)(i). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant in part and dismiss in part the petition for review.

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (cleaned up). "Where, as here, the BIA uses its summary affirmance procedure, the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (cleaned up). "We review factual findings for substantial evidence and legal questions de novo." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (cleaned up).

To decide whether exceptional circumstances justify a noncitizen's failure to appear, the BIA must consider the "totality of the circumstances" of each case. *Hernandez-Galand*, 996 F.3d at 1034. This inquiry requires consideration of relevant factors, including a petitioner's diligence, motive for failing to appear (such as avoiding a removal order on the merits), and whether an *in absentia* removal order would cause "unconscionable results." *See id.* at 1034–35. The BIA

2

errs when it fails to address relevant factors. *See id.* at 1036.

Here, Petitioner claims he was confused by two different notices provided by the Department of Homeland Security ("DHS"). At an initial master calendar hearing on November 1, 2018, DHS served Petitioner with a notice informing him that his next master calendar hearing was scheduled for November 27, 2018, at 1:00 P.M. in San Diego, California, where Petitioner was being detained at the time. On November 20, 2018, Petitioner posted bond and signed an agreement with DHS that authorized him to travel to Houston, Texas, in exchange for wearing a location-tracking device. The agreement required Petitioner "to arrive at this final location by November 27, 2018 at 10:00 AM." The "final location" was listed as a DHS office in Houston, Texas. Petitioner interpreted this Houston date to indicate a check-in appointment at the Houston DHS office. Additionally, Petitioner believed the Houston appointment overrode the master calendar hearing date in San Diego because (1) he received the Houston notice more recently, (2) the San Diego hearing date had been scheduled when he was still detained, and (3) Houston and San Diego were geographically far apart. After arriving in Houston, Petitioner contends he continually checked for a rescheduled master calendar hearing. By the time he realized his hearing date was not going to change, it was already the weekend. Petitioner then overnighted a pro se motion to change venue on Monday, November 26, 2018. However, the motion did not arrive in

time.

Under the "totality of the circumstances," exceptional circumstances warrant reopening Petitioner's proceedings. Petitioner acted diligently in filing a motion to change venue as soon as he realized his confusion. He diligently attended other immigration appointments, from his initial master calendar hearing in San Diego to his check-ins with the DHS office in Houston. Petitioner timely filed a motion to reopen only a month after receiving the *in absentia* order. *See id.* at 1036 (explaining that there is "no basis to infer" that petitioner "was attempting to evade or delay her proceedings" where petitioner attended prior hearing, "attended her appointments with the alternatives-to-detention program," and "moved swiftly to reopen proceedings"). Petitioner did not have a motive to avoid a master calendar hearing because he had a positive asylum credible fear interview and intended to pursue his asylum claim. Imposing an *in absentia* removal order would present an unconscionable result, as Petitioner claims persecution in India, including a fear of being killed, based on his political opinions. *See id.* at 1036–37 ("an unconscionable result" would result where petitioner's claims of fear "are not baseless," even if she had not demonstrated "a strong likelihood of relief").

The Government argues that Petitioner received proper notice of the master calendar hearing and failed to support his subjective claims of confusion with a sworn declaration. Although Petitioner received paperwork advising him of the

consequences of not attending a hearing, no DHS official explained the conflict created by setting a check-in deadline and a hearing date only hours apart, when the respective locations were halfway across the country from each other. While one of Petitioner's electronic monitoring conditions states "[p]articipants are responsible for attending their court date," another states Petitioner is "not to travel over 75 miles from the office." Given this time conflict and Petitioner's language barrier, Petitioner's confusion was understandable. *See id.* at 1035 (mistake in interpreting a notice date was "reasonable and believable" given cross-cultural differences). Additionally, although Petitioner was represented by counsel at various points in this appeal, he is now proceeding pro se, so the statements in Petitioner's opening brief can be considered in assessing whether Petitioner has shown exceptional circumstances. *See Perez-Portillo v. Garland*, 56 F.4th 788, 795 (9th Cir. 2022) ("Although [the petitioner's] statements were not in the form of an affidavit, we have not required such from pro se petitioners."). Therefore, the denial of Petitioner's motion to reopen was an abuse of discretion.

Petitioner also raises a due process argument but failed to raise it before the BIA, rendering the due process claim unexhausted and thus unreviewable because the Government has properly raised this "claim-processing rule" in its answering brief. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024); 8 U.S.C. § 1252(d)(1).

**PETITION GRANTED in part, DISMISSED in part, and REMANDED.**

Costs are awarded to Petitioner.